**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| Anthony James Moore,  )  <br>  )  <br>           Plaintiff,  )  <br>  )  <br>     vs.  )  <br>  )  <br> Leann K. Bertsch, Director of Corrections, )  <br> et al.  )  <br>  )  <br>           Defendants.  )  <br>  ) | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**  <br>  <br>  <br>  <br> Case No. A1-05-098 |

Before the Court is the plaintiff Anthony James Moore's Motion for Reconsideration filed on November 21, 2005. Moore seeks reconsideration of this Court's "Order Denying Plaintiff's Appeal from Magistrate Judge's Order" dated November 16, 2005. See Docket No. 21.

The Federal Rules of Civil Procedure do not mention motions for reconsideration. Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999); see also Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000). Therefore, courts are "frequently put in the difficult position of deciding whether a 'motion for reconsideration' is in fact a Rule 59(e) 'Motion to Alter or Amend a Judgment,' or a Rule 60(b) 'Motion for Relief from Judgment or Order.'" Id.; see Sanders v. Clemco Indus., 862 F.2d 161, 168 (8th Cir. 1988) ("When the moving party fails to specify the rule under which it makes a postjudgment motion, that party leaves the characterization of the motion to the court's somewhat unenlightened guess . . . ."). The Eighth Circuit has instructed that when such a motion is directed at a non-final order, as is the case here, it should be construed as a Rule 60(b) motion. See Broadway, 193 F.3d 987, 989 ("By its terms, only Rule 60(b) encompasses a motion filed in response to an order. Rule 59(e) motions are motions to alter or amend a *judgment*, not any nonfinal order.") (emphasis in original).

The United States Supreme Court has held that Rule 60(b) provides for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." United States

v. Young, 806 F.2d 805, 806 (1987).  A court has broad discretion in ruling on a Rule 60(b) motion. Sellers v. Mineta, 350 F.3d 706, 716 (8th Cir. 2003).  The rule "authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like)."  Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999). It is not a vehicle for reargument on the merits.  Id. (denying relief under Rule 60(b) when the movant "did nothing more than reargue, somewhat more fully, the merits of their claim . . . .").

The Court has carefully reviewed the pending motion and other pleadings and finds that there is no justification for granting a Rule 60(b) motion for relief from judgment or order.  The Plaintiff does little more than reargue the merits of his prior motion.  Under such circumstances, relief under Rule 60(b) is unwarranted.[1]  Accordingly, the Plaintiff's Motion for Reconsideration is **DENIED**. (Docket No. 23).

**IT IS SO ORDERED.**

Dated this 21st day of November, 2005.

_____
Daniel L. Hovland, Chief Judge
United States District Court

---

[1] Even if the Court were to consider the Plaintiff's motion under Rule 59(e), the Court would reach the same conclusion– relief is unwarranted under the circumstances.  See Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) ("Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence.  Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.").