IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Anthony James Moore, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER ADOPTING** |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Leann K. Bertsch, Director of Corrections, er al., | ) | Case No. A1-05-098 |
| | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Anthony Moore filed this pro se civil rights suit under 42 U.S.C. § 1983 on September 22, 2005. Magistrate Judge Charles S. Miller, Jr. conducted an initial review as mandated by 28 U.S.C. § 1915A, and thereafter submitted a Report and Recommendation. Judge Miller recommended that several of Moore's claims be dismissed and that Moore be given an opportunity to file a second amended complaint. Moore was then given ten (10) days to file an objection to the Report and Recommendation.

On December 13, 2005, Moore filed an objection to the Report and Recommendation. (Docket No. 32). In his objection, Moore reasserts the claims set forth in the previous pleadings. Moore contends that he "is not [illegible] going to amend the complaint again" and that "if the Court will not allow the plaintiff to proceed with all claims in the amended complaint, then that is an matter for the Eighth Circuit Court of Appeals to decide." (Docket No. 32, p.7). However, Moore fails to provide legal authority for his assertion that all of his claims should proceed.

The Court has reviewed the Report and Recommendation, relevant case law, and the record as a whole and finds the Report and Recommendation to be persuasive. The Court **ADOPTS** the

Report and Recommendation (Docket No. 30) in its entirety.  As a result, the following claims are dismissed:

1) Moore's claim in paragraph 2 of the amended complaint alleging interference with "privileged mail" is **DISMISSED** without prejudice for failure to state a claim.

2) Moore's claims in paragraphs 3 and 4 of the amended complaint relating to a denial of good-time credit are **DISMISSED** without prejudice for failure to state a claim.

3) Moore's claim in paragraph 5 of the amended complaint relating to an alleged attempt to proceed with a civil commitment against him is **DISMISSED** with prejudice for failure to state a claim and because the claim is frivolous.

4) Moore's federal and state law claims in paragraph 6 of the amended complaint relating to the sharing of his medical records are **DISMISSED** with prejudice for failure to state a claim and because the claim is frivolous.

5) Moore's claim for damages under 42 U.S.C. § 1983, and all state law claims as set forth in paragraph 9 of the amended complaint relating to the alleged refusal to provide the results of DNA testing, are **DISMISSED** with prejudice against defendant Olson in both her individual and official capacities because of applicable immunities.

6) Moore's claim in paragraph 10 of the amended complaint for the alleged failure to process grievance appeals is **DISMISSED** with prejudice for failure to state a claim.

7) The remainder of Moore's amended complaint is **DISMISSED** for failure to exhaust administrative remedies in connection with the claims as set forth in paragraph 8 of the amended complaint. See 42 U.S.C. § 1997e(a)

This order shall clarify the fact that if he choose to do so, Moore is permitted to file a second amended complaint with regard to the following claims:

1) Moore's claims in paragraphs 1 and 7 of the amended complaint alleging deliberate indifference with respect to a claimed serious medical condition, but only as to defendants Timothy Scheutzle and Dr. John Hagan, and only on a limited basis to determine whether factual circumstances have materially changed with respect to Moore's condition since the Court's order of February 2, 2005, dismissing his prior action.

2) Moore's 42 U.S.C. § 1983 claim for relief in paragraph 9 of the statement of claim asserted against defendant Hope Olson, in her official capacity only, relating to the alleged denial of the request for DNA results, but such claim is limited to injunctive and other non-damage relief.

If Moore chooses to do so, the second amended complaint must be filed on or before Monday, January 16, 2006. A failure to file within that time frame may be treated as an abandonment of the remaining claims and the action may be dismissed. The Court expressly finds that Moore must seek leave of Court to add additional claims or defendants beyond the two claims specified above. If Moore chooses to file a second amended complaint, it will be subject to the mandatory initial review required under 28 U.S.C. § 1915A. In addition, the Court finds that Moore's pending motions (Motions for Preliminary Injunction, Motion for Default Judgment, Motion to Expedite and Motion

3

to Compel) are premature at this stage of the review process. The Court will reserve ruling on the pending motions until the screening process has been completed.

**IT IS SO ORDERED**.

Dated this 16th day of December, 2005.

Daniel L. Hovland, Chief Judge
United States District Court