IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | |
|---|---|
| Anthony James Moore,                )<br>                                                        )<br>          Plaintiff,                             )<br>                                                        )      **ORDER DENYING PLAINTIFF'S**<br>vs.                                                  )      **MOTION FOR INJUNCTION**<br>                                                        )<br>Leann K. Bertsch, Director of Corrections, )<br>et al.                                                )<br>                                                        )      Case No. 1:05-cv-00098<br>          Defendants.                         )<br>                                                        ) | |

Before the Court is Plaintiff Anthony James Moore's "Motion for Order for Injunction" filed on April 6, 2007. Moore's underlying complaint alleges numerous constitutional violations actionable under 42 U.S.C. § 1983. Moore's current motion seeks "a court order that the Plaintiff be treated immediately with prescription medication for (1) elevated amylase (2) small pleboliths (sic) in pelvis area and (3) treatment with Doctor Yaser Rayyans (sic) recommendation of Flagyl for 5 days 500 millagrams (sic) 3 times a day."

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, in determining whether a preliminary injunction should be issued, the Court must look to the specific facts shown by affidavit(s) to determine whether immediate and irreparable injury, loss, or damage will result to the applicant. In determining whether preliminary injunctive relief should be issued, the Court is required to consider the factors set forth in Dataphase Systems, Inc., v. C.L. Sys. Inc., 640 F.2d 109, 114 (8th Cir. 1981) (*en banc*). The Eighth Circuit summarized those factors as follows:

> When considering a motion for a preliminary injunction, a district court weighs the movant's probability of success on the merits, the threat of irreparable harm to the movant absent the injunction, the balance between harm and the injury that the injunction's issuance would inflict on other interested parties, and the public

1

  interest. Dataphase Systems, Inc. v. C.L. Sys. Inc., 640 F.2d 109, 114 (8th Cir.
  1981) (*en banc*).  We reverse the issuance of a preliminary injunction only if the
  issuance "is the product of an abuse of discretion or misplaced reliance on an
  erroneous legal premise." City of Timberlake v. Cheyenne River Sioux Tribe, 10
  F.3d 554, 556 (8th Cir. 1993) *cert. denied* 512 U.S. 1236, 114 S.Ct. 2741, 129
  L.Ed. 2d 861 (1994).

Pottgen v. Missouri State High School Activities Association, 40 F.3d 926, 929 (8th Cir. 1994).

  The burden of establishing the necessity of a temporary restraining order or a preliminary injunction is on the movant. Baker v. Electric Co-op, Inc. v. Chaske, 28 F.3d 1466, 1472 (8th Cir. 1994); Modern Computer System, Inc. v. Modern Banking System, Inc., 871 F.2d 734, 737 (8th Cir. 1989) (*en banc*). "No single factor in itself is dispositive; in each case all of the factors must be considered to determine whether on balance they weigh towards granting the injunction." Baker Electric Co-op, 28 F.3d 1472 (quoting Calvin Klein Cosmetics Corporation v. Lenox Labs, Inc., 815 F.2d 500, 503 (8th Cir. 1987).

  Having carefully considered the affidavit and exhibits referenced in the motion for injunctive relief, the Court finds that Moore has failed to meet his burden under Rule 65 of the Federal Rules of Civil Procedure. None of the Dataphase factors weigh in favor of granting an injunction in this case. Most notably, Moore's probability of success on the merits is questionable at best.[1]  See S&M Constructors, Inc. v. Foley Co., 959 F.2d 97, 98 (8th Cir. 1992) (explaining that likelihood of success on the merits is the "most significant."). Moore has been denied similar, if not identical, requests for the same medical treatment in the past. Moore relies on medical records dating back to November 3, 2004, and July 28, 2005, to support the motion and there is no

---

[1] Moore sought the same medical treatment in another case arguing deliberate indifference under the Eighth Amendment. The Court granted summary judgment against him on that issue. See Moore v. Schuetzle, Case No. A1-04-038, Docket No. 155, dated February 2, 2005.

indication that any of the medical conditions complained of years ago continue today.[2]  There is no credible evidence to suggest that Moore will suffer irreparable harm if his request goes unfulfilled in the short term.

The Court finds that a preliminary injunction as requested by Moore is unwarranted under the circumstances.  Accordingly, the Plaintiff's "Motion for Order for Injunction" is **DENIED**. (Docket No. 52).

**IT IS SO ORDERED.**

Dated this 12th day of April, 2007.

>  */s/ Daniel L. Hovland*
> Daniel L. Hovland, Chief Judge
> United States District Court

---

[2] In his motion, Moore cites to previously filed pleadings in the current case.  Specifically, Moore cites to Exhibits A and B, attached to plaintiff's Motion for Order to Amend Amended Complaint (Docket No. 50), and Exhibits A and B, attached to plaintiff's previous Motion for Injunction (Docket No. 13).